# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **TIARA MORGAN**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:17-cv-1551 |
| | ) |
| **SPECIFIED CREDIT ASSOCIATION 1, INC.** | ) |
| | ) |
| Serve: | ) |
| Varady, Alex or Authorized Agent | ) |
| 2388 Schuetz Drive, Suite A-100 | ) |
| St. Louis, MO 63146 | ) |
| | ) |
| Defendant. | ) |

## CLASS ACTION COMPLAINT

COMES NOW Plaintiff Tiara Morgan, by and through her undersigned counsel, and in support of her intrastate class action under the Fair Debt Collection Practices Act (15 U.S.C. § 1692, *et seq.*) ("FDCPA") against Specified Credit Association 1, Inc. states to the Court the following:

## JURISDICTION, VENUE, AND PARTIES

1. This Court has original jurisdiction over Plaintiff's FDCPA claims under 15 U.S.C. § 1692k(d) because the illicit collection activity was directed at Plaintiff and the class members defined herein within the Eastern District of Missouri. Further, this Court has original jurisdiction over Plaintiff's FDCPA claims under 28 U.S.C. § 1331 because they arise under federal law.

2. Venue is appropriate in this Court under 28 U.S.C. § 1391(b)(1) because the Defendant resides in the Eastern District of Missouri. Venue is appropriate in this Court under

Local Rule 3 - 2.07(b)(2) because the Defendant resides in the Eastern Division of the Eastern District of Missouri.

3. Additionally, venue is appropriate in this Court under 28 U.S.C. § 1391(b)(2) because Defendant's illicit conduct occurred in the Eastern District of Missouri.

4. Plaintiff is a natural person currently residing in the St. Louis County, Missouri.

5. Defendant Specified Credit Association 1, Inc. is Missouri corporation whose principal place of business is located in St. Louis County, Missouri.

**FACTS**

6. On May 24, 2016, Defendant Specified Credit Association 1, Inc. sent a collection letter to Plaintiff stating that she owed an outstanding balance to "Our Client: Centerco Properties, LLC" in the amount of $10,193.57 arising out of a residential lease for 7755-G Chalmette Drive, Hazelwood, Missouri, 63042.

7. This amount was false.

8. As of May 24, 2016, Plaintiff did not owe Centerco and/or Specified Credit any debt obligation in the amount of $10,193.57.

9. Upon information and belief, Specified Credit was attempting to assess pre-judgment interest at a rate of 9% per annum under Missouri Revised Statute § 408.020 on the alleged principal balance of $7,135.50.

10. However, Centerco never made a demand for payment to Plaintiff prior to Specified Credit's May 24, 2016 collection letter.

11. Even assuming Centerco had made a demand for payment, the amount Specified Credit sought within its letter was nevertheless false.

12. According to Centerco's own records, Plaintiff owed a principal balance of $7,135.50 as of January 16, 2013,

13. From the final due date of January 16, 2013 and the date of Specified Credit's May 24, 2016 collection letter, 1,224 days elapsed.

14. Taking the principal debt amount of $7,135.50, multiplying it by 9% interest per annum, and multiplying that product by 1224/365 days, yields accrued interest of $2,153.55 for the 1,224-day period between January 16, 2013 and May 24, 2016.

15. In actuality, Specified Credit assessed and attempted to collect interest in the false and inflated amount of $3,058.07 within its May 24, 2016 collection letter.

16. Moreover, the principal balance of the debt Specified Credit attempted to collect was also false.

17. A portion of the principal balance that Specified Credit attempted to collect included purported "Legal Fees" from a prior, dismissed lawsuit that Centerco had filed.

18. Previously, on December 19, 2012, Centerco filed a lawsuit in St. Louis County Associate Circuit Court, Case No. 12SL-AC43839, in order to obtain possession of 7755-G Chalmette Drive, Hazelwood, Missouri, 63042.

19. Centerco did not personally serve Plaintiff with a copy of the summons and instead only posted a copy of the summons on the door of 7755-G Chalmette Drive, Hazelwood, Missouri, 63042.

20. Centerco dismissed its own lawsuit a few weeks later, on January 15, 2013.

21. Prior to dismissing the lawsuit, Centerco did not obtain any judgment awarding it legal fees in connection with Case No. 12SL-AC43839.

22. In fact, since Centerco did not personally serve a copy of the summons, it could not have obtained any monetary award, including but not limited to attorney's fees, with respect to Case No. 12SL-AC43839.

23. At most, Centerco could have been sought possession of the premises of 7755-G Chalmette Drive, Hazelwood, Missouri, 63042.

24. Ultimately, however, Centerco did not obtain *any* judgment in Case No. 12SL-AC43839, including but not limited to legal fees.

25. Accordingly, Specified Credit was not allowed to unilaterally and extra-judicially assess $313.50 in alleged legal fees within its May 24, 2016 letter.

26. A portion of the balance that Specified Credit attempted to collect from Plaintiff within its May 24, 2016 letter, therefore, was not authorized by law or by the agreement creating the debt, in violation of 15 U.S.C. § 1692f(1).

27. Thereafter, on July 13, 2016, Specified Credit sent Plaintiff another collection letter, by and through its attorney.

28. As of July 13, 2016, Centerco had assigned the debt to Specified Credit Association 1, Inc. to collect the alleged debt in Specified Credit's own name.

29. As of July 13, 2016, Specified Credit became the real party in interest for purposes of prosecuting and pursuing court action on the Centerco debt.

30. The assignment executed by Centerco specified that Specified Credit was to pursue any court action in the name of Specified Credit as assignee of the debt.

31. Missouri law does not allow a debt collector who is an assignee to pursue court action solely in the name of the assignor, as if there were no assignment.

32. Notwithstanding, Specified Credit's attorney informed Plaintiff that he "represents" Centerco Properties, LLC instead of his actual client, Specified Credit.

33. At the time, Plaintiff was unaware that Specified Credit was assigned the alleged debt.

34. Plaintiff was also unaware that the attorney who mailed her the July 13, 2016 collection letter actually possessed an attorney-client relationship with the assignee, Specified Credit, as opposed to the assignor and original creditor, Centerco Properties.

35. Within the July 13, 2016 letter, Specified Credit's attorney represented to Plaintiff that she owed $7,330.80.

36. This amount was false.

37. It included legal fees that were not awarded in connection with the lawsuit Centerco had previously filed and dismissed: Case No. 12SL-AC43839.

38. In addition, the amount included within the July 13, 2016 letter included pre-judgment interest for which there was no demand.

39. While Specified Credit previously mailed a collection letter, it was an entirely different amount due and was not the same demand for payment upon which the amount within the July 13, 2016 letter was premised.

40. On August 16, 2016, Specified Credit, by and through its attorney, filed a collection suit in St. Louis County, Missouri Circuit Court, Case No. 16SL-AC21115.

41. Within the Petition, Specified Credit represented that Plaintiff owed a principal balance of $7,135.50.

42. This principal balance was false; at most, Plaintiff only owed a principal balance of $6,822.00.

43. Specified Credit, by and through its attorney, did not identify any party in the Petition as the named plaintiff other than Centerco Properties, LLC.

44. Specified's attorney signed the Petition as the "Attorney for Plaintiff" Centerco Properties.

45. This too was false, in that Centerco Properties had previously assigned its rights in the debt to Specified Credit.

46. In reality, Specified Credit's attorney did not possess an attorney-client relationship with Centerco Properties.

47. Centerco Properties did not enter into any written agreement with the attorney.

48. Centerco Properties did not enter into any oral agreement with the attorney.

49. Specified Credit's attorney did not possess the legal authority to take any court action in the name of Centerco Properties.

50. Notwithstanding this fact, Specified Credit, by and through its attorney, took a default judgment against Plaintiff on September 21, 2016 in the name of Centerco Properties.

51. Specified Credit, by and through its attorney, drafted the Default Judgment to make it appear that Centerco Properties was the only plaintiff and the only party in interest.

52. Specified Credit's attorney did not possess the legal authority to obtain a Default Judgment in the name of Centerco Properties.

53. Specified Credit, by and through its attorney, took the Default Judgment in the name of Centerco Properties despite the fact that the assignment required Specified Credit to pursue any legal action in Specified Credit's own name as assignee.

54. Specified Credit fraudulently represented to the Court and to the parties of the lawsuit that Centerco Properties was the real party in interest and that Centerco Properties was its attorney's legal client.

55. Each of these misrepresentations was material. Specified Credit knew that unsophisticated consumers are less likely to challenge a suit brought by the original creditor as opposed to a suit brought by a mere debt collector.

56. Plaintiff could have exercised her rights pursuant to 15 U.S.C. § 1692 *et seq.* had Specified Credit disclosed its involvement as the correct plaintiff and the real party in interest.

57. Plaintiff would have possessed additional legal defenses under Missouri law against a debt collector, Specified Credit, that she did not possess against her original creditor, Centerco Properties, such as the ability to challenge the validity of the assignment.

58. In addition, under the Missouri statutes governing the procedures before Associate Circuit Judges, in front of which the Lawsuit was pending, each court setting is a "trial date" for the suit. Mo. Rev. Stat. § 517.051.

59. September 21, 2016 therefore represented a trial date for the Lawsuit.

60. A named plaintiff needs to possess proof of its allegations and be ready to try the case either at the return date of the summons or on the continuance date.

61. By unlawfully pursuing the lawsuit in the name of the original creditor, Centerco Properties, Specified Credit was able to avoid many of the evidentiary hurdles faced when proving a claim on an assigned debt, such as the need to obtain a third-party business records affidavit in advance of trial. Mo. Rev. Stat. § 490.692.2.

62. Had Plaintiff known that a debt collector like Specified Credit was behind the lawsuit, she would have defended against the lawsuit.

63. After obtaining the Default Judgment Specified Credit's attorney continued to take legal action solely in the name of Centerco Properties by issuing a continuous wage garnishment.

64. To date, Specified Credit has seized over $1,000.00 from Plaintiff in the name of Centerco Properties.

## CLASS ALLEGATIONS

65. It is Specified Credit's routine practice to violate the FDCPA by pursuing legal action solely in the name of the original creditor when, in fact, the assignment to Specified Credit requires it to pursue legal action in its own name as assignee of the original creditor.

66. This action is properly maintainable as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The classes consist of the following persons: All persons Defendant has on record as owing a consumer debt (1) where such person has a Missouri postal address and (2) where Defendant filed a lawsuit against a consumer; (3) during the one-year period prior to the filing of Plaintiff's Complaint (4) where Defendant was assigned the debt; (5) the assignment stated that Defendant was required to file suit in its own name as assignee of the original creditor; and (6) Defendant filed suit solely in the name of the original creditor.

67. Members of the class are so numerous that joinder is impracticable. Based on Plaintiff's research of complaints from other consumers, Specified Credit is a high-volume debt collector that attempts to collect thousands of debts in Missouri.

68. Upon information and belief, Specified Credit has engaged in the improper collection tactics described above with at least one hundred Missouri consumers.

69. Plaintiff is a member of the class she seeks to represent.

70. There are no unique defenses Specified Credit can assert against Plaintiff individually, as distinguished from the class.

71. Plaintiff will assure the adequate representation of all members of the class and will have no conflict with class members in the maintenance of this action.

72. Plaintiff's interests in this action are typical of the class and are antagonistic to the interests of Specified Credit.

73. Plaintiff has no interest or relationship with Specified Credit that would prevent her from litigating this matter fully.

74. Plaintiff is aware that settlement of a class action is subject to court approval, and she will vigorously pursue the class claims throughout the course of this action.

75. A class action will provide a fair and efficient method to adjudicate this controversy since the claims of the class members are virtually identical in that they raise the same questions of law and involve the same methods of collection by Specified Credit.

76. Most, if not all, of the facts needed to determine liability and damages are obtainable from Specified Credit's records.

77. The purposes of the FDCPA will be best effectuated by a class action.

78. A class action is superior to other methods for the fair and efficient adjudication of this controversy.

79. Furthermore, as damages suffered by most members of the class are relatively small in relation to the costs, expense, and burden of litigation, it would be difficult for members of the class individually to redress the wrongs done to them.

80. Many, if not all, class members are unaware that claims exist against Specified Credit. There will be no unusual difficulty in the management of this action as a class action.

81. Five common questions of law and fact predominate over all individual questions of the class. The common questions are whether: (1) Specified Credit is a "debt collector" pursuant to the FDCPA; (2) the liabilities that Specified Credit sought to collect from class members constitute "consumer debt" under the FDCPA; (3) Specified Credit filed a lawsuit against members of the class; and (4) Specified Credit was assigned the debt to pursue legal action in its own name as assignee of the original creditor; and (5) Specified Credit nevertheless brought suit solely in the name of the original creditor.

82. Because many class members are unaware of their claims and because their claims are small in relation to the cost of an individual suit, a class action is the only proceeding in which class members can, as a practical matter, recover.

83. Plaintiff and Plaintiff's counsel have the necessary financial resources to adequately and vigorously litigate this class action. Plaintiff's counsel will fairly and adequately represent and protect the interests of the class.

84. All class members have been damaged in precisely the same fashion, by precisely the same conduct. The loss suffered by individual class members is calculable and ascertainable.

## COUNT I: VIOLATION OF THE FDCPA

85. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

86. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3).

87. Defendant is a "debt collector" as defined in 15 U.S.C. § 1692a(6).

88. The alleged debt arises out of consumer, family, and/or household transactions.

89. Plaintiff does not request relief from or invalidation of the state court judgment identified herein; Plaintiff seeks redress for litigation misconduct that went unnoticed by the court due to Defendant's deception.

90. In its attempts to collect the alleged debt from Plaintiff and the class members defined herein, Defendant has committed violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*, including, but not limited to, the following:

   a. Falsely representing the character of the debt, including but not limited to representing the original creditor as the sole real party in interest in legal pleadings, in violation of 15 U.S.C. § 1692e(2)(A);

   b. Taking action that could not legally be taken, including but not limited to identifying the original creditor as the sole real party in interest in legal pleadings, in violation of 15 U.S.C. § 1692e(5);

   c. Using false representation or deceptive means to collect a debt, including but not limited to representing that the original creditor was the sole real party in interest, in violation of 15 U.S.C. § 1692e(10); and

   d. Using unfair means to collect a debt, including but not limited taking a greater amount of money from Plaintiff than the amount of the judgment against Plaintiff, even when accounting for any accruing post-judgment interest and costs, in violation of 15 U.S.C. § 1692f.

86. In addition, Defendant committed individualized violations of the FDCPA when attempting to collect Plaintiff's alleged debt, including:

   a. Failing to state the accurate amount of Plaintiff's alleged debt, in violation of 15 U.S.C. § 1692g(a)(1);

   b. Falsely representing the amount and character of Plaintiff's alleged debt, in violation of 15 U.S.C. § 1692e(2)(A); and

   c. Utilizing unfair collection practices, including the collection of an amount that is not permitted by law, in violation of 15 U.S.C. § 1692f(1).

87. Plaintiff will only seek recovery for these individual violations should the class not be certified.

WHEREFORE, Plaintiff respectfully requests that the Court certify the proposed class, that that the Court appoint Plaintiff as class representative and the undersigned as class counsel, and that judgment be entered against Defendant for:

A. Judgment that Defendant's conduct violated the FDCPA;

B. Actual damages only in the event that no class is certified;

C. Statutory damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k); and

D. For such other relief as the Court may deem just and proper.

Respectfully submitted,

BRODY & CORNWELL

/s/ Alexander J. Cornwell

_____
Alexander J. Cornwell    #64793MO
1 North Taylor Ave.
St. Louis, Missouri 63108
Phone: (314) 932-1068 / Fax: (314) 228-0338
acornwell@brodyandcornwell.com
*Attorney for Plaintiff*